THE BOARD OF COMMISSIONERS OF JACKSON COUNTY *v.* KING.

It is the duty of the board of commissioners of a county, under the R. S. 1852, to furnish fuel for the recorder's office.

APPEAL from the *Jackson* Circuit Court.

GOOKINS, J.—The question involved in this case is, whether the board of commissioners of a county is required to furnish fuel for the recorder's office. On the trial of the cause in the Circuit Court, the jury were instructed that "a just construction of the act establishing the office of

county recorder requires the county board to furnish that officer with necessary fuel for business hours." Under this instruction the jury allowed the claim.

The 1 R. S., p. 101, s. 1, provides that no money shall be drawn from the treasury of any county, except by authority of law. The appellants insist that, as there is no express provision for furnishing fuel to the recorder's office, the board is prohibited by the above section from supplying it. There are, however, other statutory provisions which bear upon the subject. The 1 R. S., p. 227, s. 13, requires the commissioners to allow all accounts chargeable against the county, not otherwise provided for; and the 16th section of the same act provides that the commissioners shall cause a court-house, jail, and public offices for the clerk, recorder, treasurer and auditor to be erected and furnished, and that such offices shall be occupied by the officers respectively.

Public offices do not belong to the officers who hold them, but to the people, of whom the officer is but a servant. The recorder's office, especially, is one very near to the great mass of the people, and in which they have business, probably, every day of the year, for the examination of the records, to see, when buying or selling lands, that they are getting or giving good titles. Every man who buys is chargeable with notice of the contents of those records. The recorder has no right to carry them away, and keep them at his own fireside; and the furnishing of the office with fuel is as much for the accommodation of the citizens as for that of the recorder. If a citizen of *Jackson* county were to visit the recorder's office on a very cold day, to examine its records, and should find no fire, we doubt whether he would consider the office properly "furnished" as the law requires.

We are of the opinion that there was no error in the instruction complained of.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. T. Otto* and *J. S. Davis*, for the appellants.

*R. Crawford*, for the appellee.