COMM'RS OF POTTAWATOMIE CO. v. ALBERT MORRALL.

NON-RESIDENT POOR; *Relief and Support; Medical Aid; Liability of County; Right of Appeal.* Under section 24 of the act for the relief of the poor, (Gen. Stat. p. 626,) a physician and surgeon who furnishes medical and surgical attendance to a person in distress, and not an inhabitant of the township in which he is found lying sick without friends or money, under the direction and employment of an overseer of the poor of such township, is entitled to reasonable compensation for his services; and if the board of county commissioners of the county in which such employment occurs refuses to allow a claim therefor, properly made out and presented, or disallow such claim in part, the claimant may take the same to the district court on appeal, and there recover what the services are reasonably worth.

### *Error from Pottawatomie District Court.*

MORRALL recovered a judgment against the *Board of County Commissioners,* at the February Term 1876 of the district court for one hundred dollars, and costs of suit, and the county board brings the case here on error. All the facts appear in the subjoined opinion.

*R. S. Hick,* for plaintiff in error, contended, that the county was only liable for such claims arising under § 24 of ch. 79 of Gen. Stat., as the board of county commissioners should

find "reasonable." In this case the county board did not find the claim reasonable, and therefore did not allow it, except in part; and there would seem to be an end of the case. The board of county commissioners is the exclusive judge of what is reasonable in such a case, and no appeal lies from its decision.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error, Albert Morrall, by occupation and profession a physician and surgeon, under the direction and employment of the overseer of the poor of Wamego township, in Pottawatomie county, attended to one George Allen for the period of eight weeks, and during said time amputated one of his limbs, and a part of his foot on the other limb. Allen, at the time of such medical and surgical treatment, was a non-inhabitant of the township, but was lying sick therein, and was in distress, and had neither friends nor money to maintain himself or procure relief. Upon the termination of his attendance upon Allen, Morrall duly presented his bill for compensation for his services to the board of county commissioners of Pottawatomie county, and his claim having been disallowed in part, he appealed to the district court. In that court, he filed a petition setting forth in full the facts in the case, and against the demurrer of the county board he obtained judgment for his demand. The county board claimed in the district court, and insist here, that there is no appeal in such a matter, for the reason that as the county commissioners did not find the claim *reasonable*, they were not obliged to audit and pay it. Upon the question presented, we are called upon to interpret the provisions of section 24, Gen. Stat., p. 626; at least, so much of them as relate to the auditing and payment of the claims arising thereunder. It is prescribed therein that —

"It shall be the duty of the overseers of the poor, on complaint made to them that any person, not an inhabitant of their township or city, is lying sick therein, or in distress, without friends or money, so that he or she is likely to suffer,

to examine into the case of such person, and grant such temporary relief as the nature of the same may require; and if any person shall die within any township or city, who shall not leave money or other means necessary to defray his or her funeral expenses, it shall be the duty of the overseer of the poor of such township or city to employ some person to provide for and superintend the burial of such deceased person, and the necessary and reasonable expenses thereof shall be paid by, and upon the order of, such overseer; and the board of county commissioners of the proper county, at any meeting of such board, shall examine all claims arising under the provisions of this section, and if found reasonable, shall direct the same to be audited and paid out of the county treasury."—(Sec. 24, Gen. Stat. 626.)

It is a cardinal rule of exposition, that the intention of a law is to be deduced from the whole and every part of the statute, taken and compared together, and such a construction adopted as will best effectuate the intention of the law-giver. With this established rule in view, and considering that the purpose of the legislature by the enactment of this section was to provide for the sick and distressed in a township who are not inhabitants thereof, and are without friends or money, we cannot suppose that this object was intended to suffer defeat by leaving the payment of the claims, which it was the duty of the overseers to incur, entirely to the discretion of the county commissioners. If the commissioners have the power to disallow a claim accrued under this section, because in their judgment the same is not reasonable, and there is no appeal from their refusal, and no right to sue the county in an original action, then the overseers of the poor are absolutely helpless officially to grant temporary relief to the sick and distressed named in the statute, and they can only imitate the example of the Levite, who, when he was at the place of the unfortunate man, half dead, came and looked on, and then passed by on the other side. If reasonable compensation cannot be enforced for services rendered under the statute upon the employment of the overseers, neither will such employment be sought for nor obtained. The law requires a duty of certain township officers, and yet, in the view of the

county commissioners, denies to the persons employed to aid in the performance of that duty, any pay, unless the commissioners in their opinion agree to audit and pay for the services. The laborer is worthy of his hire; and if his hire is subject to the caprice of a board of county commissioners, as a matter of course he will refuse further service under the direction of an overseer. Such a construction of this section of the law would surely "keep the word of promise to our ear, and break it to our hope." Our conclusion is, that the word "reasonable," used in the section under discussion, must be construed to mean reasonable in fact; and if the board of county commissioners do not allow a claim presented under said section of the law, or disallow a claim in part, the claimant may take the same to the district court on appeal, as was done in this case. Of course, only reasonable compensation for services, which are performed within the purview of this section, are to be allowed, either by the county commissioners, or a district court; but under the statute the commissioners are not the exclusive judges of what is a proper and reasonable claim. Nor do the terms of said statute deprive parties of an appeal from an arbitrary and perhaps an unjust decision.

The judgment of the district court will be affirmed.

All the Justices concurring.