CHARLES B. SMITH, *Administrator, &c.*, v. COMMISSIONERS
OF SHAWNEE COUNTY.

TOWNSHIP TRUSTEE; *Powers of, under Ch. 79 of Gen. Stat.* A small-pox
epidemic having broken out in a township, the township trustee em-
ployed W., a practicing physician and the proprietor of a store, to
attend the sick and supply them with necessaries. W., under such em-
ployment, rendered the services and furnished the supplies. The per-
sons so relieved were residents of the township, and the county was at
the time keeping and maintaining a poor-house. *Held,* That the county
was not liable for such services and supplies, and that the trustee had no
power to bind the county by such contract. Such power resides alone in
the commissioners.

### *Error from Shawnee District Court.*

ACTION brought by *Caleb D. Ward* against *The Board of
Comm'rs of Shawnee Co.* for the sum of $1,158.56, on account
of medical services, medicines, clothing, provisions, groceries,
dry goods and other necessary merchandise by plaintiff pro-
vided and furnished for the temporary relief of certain pau-
pers in Silver Lake township, Shawnee county. Trial at the
December Term, 1874, of the district court, and judgment
for the defendants. *Charles B. Smith,* administrator of the
estate of *Ward,* brings the case here for review.

*Guthrie & Brown,* and *Rossington & Smith,* for plaintiff in
error.

*A. H. Vance,* county attorney, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This case involves a construction of chapter
79 of the General Statutes, entitled "An act for the relief of
the poor." The facts are, that in 1872 the small-pox broke
out in epidemic form in Silver Lake township, in Shawnee
county, and the township trustee employed the plaintiff's in-
testate, who was a practicing physician and the keeper of a
country store, to attend upon the sick and supply them with
necessaries out of his store. For the services and supplies

thus rendered and furnished, he presented a bill against the county, which was disallowed by the commissioners, and thereupon he brought this action to recover for them. The district court decided in favor of the county, and that judgment is now brought to this court for review. The simple question is, as to the power of the trustee to bind the county by such a contract, for of the existence of the disease and the performance of the plaintiff's intestate, there is no dispute. The plaintiff's counsel have furnished us with an elaborate brief, with decisions from the courts of other states in exposition of their poor-laws, yet after all it is simply a question of statutory construction; for in the absence of legislative authority, it will not be contended that the county can be made liable for such expenses. The fact that the township trustee is *ex officio* an overseer of the poor in his township, does not vest in him unlimited discretion and authority, for he is only authorized to discharge such duties as "may be prescribed by law." (Gen. Stat., ch. 79, § 1.) An examination of the statute discloses that the powers of such trustee vary, as the county has or has not a county poor-house. It is not expressly found as a fact that Shawnee county has a poor-house, though it would seem that such is the fact from incidental references thereto in the testimony. But it is immaterial that there is no finding of fact thereon, for whoever would found a liability against the county upon the contract of the township trustee, because of the non-existence of a county poor-house, must himself affirmatively establish the fact of such non-existence. We must treat the case therefore as one involving the powers of a township trustee in a county in which there is a regularly-established poor-house. Now § 7, upon which counsel place much stress, by its terms applies only to "such counties as have in them no common poor-house," and the power of a trustee to contract for either the permanent or temporary keeping of the poor, exists alone in such counties. No fair construction of the section, either in letter or spirit, can extend the power of the trustee either as respects the permanent or temporary keeping of the

poor, to those counties which have and maintain a common poor-house. Passing by this section, we find elsewhere in the act that the trustee has power to determine who are paupers, *with a legal settlement in the township*, and, upon such determination, have such paupers removed to the county poor-house, to be there supported at the expense of the county; (§§ 10 and 30.) The township trustee has also the power, in case any person, *not an inhabitant of his township*, is lying sick or in distress, without friends or money, to grant temporary relief; (§ 24.) Such relief may be, if deemed best, by removal to the county poor-house; (§ 13.) Where there is a doubt as to the place of legal settlement, the relief is to be as in other cases; (§ 12.) These, with the exception of certain powers as to the children of paupers, and examination into the care actually given to the poor by those in charge, which it is unnecessary to mention, are all the powers conferred upon the trustee. His powers are, in brief, to furnish temporary relief to pauper strangers, and to determine who are resident paupers, and have them removed to the county poor-house. In other words, so far as resident paupers are concerned, his power is limited to furnishing them a home in the county poor-house. It is not claimed that the parties assisted in this case were other than residents, so that the limit of the trustee's powers was to furnish them a home in the poor-house. He was not authorized to grant temporary relief, and of course any contract therefor was not binding upon the county. It may be said that such construction leaves a large number of deserving cases, such as those disclosed in the present suit, without any means of providing succor. Even if this were strictly true, it would not furnish reason for the courts to legislate liability upon the public, and such succor would have to rest upon appeals to private charity. But it is not strictly true, for by § 8 the county commissioners may, in their discretion, extend relief to the poor outside of the county poor-house. But that is a power vested in them alone, and no other officer can act for them, or in his discretion create a liability for such relief against the county.

We see nothing in the findings upon which to base any estoppel on the county. While we are compelled to affirm this judgment, and deny the existence of any legal liability upon the county, we cannot forbear the remark that the circumstances were apparently such as ought, in the first instance, to have called for some provision by the county commissioners, and that an enlightened liberality, as well as a cautious prudence, would justify the commissioners in making a reasonable appropriation for the services and supplies, although rendered and furnished without their previous sanction and direction.

The judgment will be affirmed.

All the Justices concurring.