The opinion of the court was delivered by
Valentine, J.:
No error is shown by the record in this case. Certainly none is referred to specifically, as required by rule 2 of the supreme court rules. Counsel for defendant in error has particularly called our attention to the fact that the brief of counsel for plaintiff in error does not specifically refer to any page of the record as showing error, and he does so in the following language, to wit:
“ Counsel for plaintiff in error have not referred to any particular portions of the record, nor specified any particular error, *227 matter or thing which they desire to have specially examined. Therefore we have been less particular and specific than we otherwise would, and indeed only reply to them at all from respect to them and an abundance of precaution and leisure— especially leisure.
“We do not deem it necessary to be more specific, for if the court does not see fit to thoroughly examine the record, the judgment will be affirmed as of course; whereas, if the court does thoroughly examine the pretended record, we are confident it can do nothing else than affirm, for there is really nothing before the court.”
An omission in an ordinary case, such as we find on the part of the counsel for plaintiff in error in this case, would be sufficient to authorize this court to affirm the judgment of the court below without any examination of the record; but in this case the record is short, and everything therein easily found, and there is really but little necessity for counsel to refer specifically to any portion of the record, or to any of the pages thereof. In this case, we think that counsel for plaintiff in error are entirely excusable for their omission; or, at least, we shall consider them as excusable. The omission has not given us the slightest trouble nor caused us the slightest inconvenience, and we suppose that the same might be said with respect to counsel for defendant in error; that is, that it has not caused him any inconvenience or trouble. We have not experienced any difficulty in finding anything in the record which we desired to find; and we do not suppose that counsel for defendant in error has experienced any similar difficulty. We shall therefore consider the case upon its merits.
The action was brought by William H. Renner, a physician and surgeon, against the board of county commissioners of Clay county, to recover for professional services rendered by him to one Joel Alexander, in the township of Athelstane, in said county, at the special instance and request of the township trustee of said township; and judgment was rendered in the court below in favor of the plaintiff and against the defendant for the amount of the plaintiff’s claim. The defendant brings the ease to this court.
*228 The only question presented by the record to this court is, whether a township trustee has the power to bind a county having no poor-house, to pay for medical services furnished to a poor person who is a resident of the county and township, and who is temporarily a pauper. This question must be decided in the affirmative. (Comp. Laws 1879, ch. 79, p. 592, §§4, 6, 7, et seq.; Comm’rs of Pottawatomie Co. v. Morrall, 19 Kas. 141; Smith v. Comm’rs of Shawnee Co., 21 Kas. 669.)
So far as the record in this case shows, the provisions of § 7 of the act for the relief the poor were entirely complied with, or at least there is nothing to show that they were not complied with. There is nothing in the record that shows that Alexander was a pauper on the first Monday of May prior to the employment of the plaintiff as a physician and surgeon; and there is nothing in the record that shows that any of the services for which judgment was rendered were rendered after the first Monday of May succeeding the employment; and there is nothing in the record that shows that the township trustee did not advertise for sealed proposals, etc., as required by law. Indeed, none of the evidence has been brought to this court; and from the agreed statement of facts and the findings of the court below, we should presume that everything was done by the township trustee that ought under the law to be done.
It would seem to us that the plaintiff’s services were not worth the amount which he claimed, and for which judgment was rendered; but we have none of the evidence before us, and must therefore presume that the findings and judgment of the court below as to the value of the plaintiff’s services were founded upon sufficient evidence.
The judgment of the court below will be affirmed.
All the Justices concurring.