### THE BOARD OF COMMISSIONERS OF SMITH COUNTY v. THE BOARD OF COMMISSIONERS OF OSBORNE COUNTY.

MEDICAL SERVICES TO PRISONERS; *Liability of County.* The board of county commissioners of Smith county sued the board of county commissioners of Osborne county, and alleged as a cause of action, that prisoners from Osborne county were confined in the county jail of Smith county, and that, while so confined, they became dangerously sick and needed medical care and treatment; that, by reason of the poverty of such prisoners, medical care and treatment could be procured only upon the order of the board of county commissioners of Smith county; and that the board made such order, and, in pursuance thereof, medical care and treatment were furnished; and that the board paid for the same. There were no allegations that the board of county commissioners of Osborne county ever made any order or gave any consent that any medical care or treatment should be furnished to such prisoners; nor does it appear that any township trustee or the sheriff of either county ever authorized the same; nor does it appear that the prisoners were then, or ever had been, residents of Osborne county. Under such circumstances, *held*, that the board of county commissioners of Osborne county is not liable to the board of county commissioners of Smith county for the medical care and treatment furnished to said prisoners; that, if medical attendance was necessary in the present case, and if the prisoners were unable to pay for the same, it would be entirely proper for the board of county commissioners of Osborne county, in its discretion, under ₴ 331 of the criminal code, to "allow a moderate compensation for medical services," furnished to the prisoners. (See also Comp. Laws of 1879, ch. 79, p. 593, ₴ 8.) It was not, however, the duty of the board of county commissioners of Smith county, under said ₴ 331 of the criminal code, or under any other section of the statutes, to furnish medical attendance to the prisoners from Osborne county, confined in the county jail of Smith county.

*Error from Osborne District Court.*

ACTION by the *Board of Commissioners of Smith County* against the *Board of Commissioners of Osborne County*, for the use of the county jail of Smith county, and for medical care and treatment. At the March Term, 1882, the court sustained defendant's demurrer to plaintiff's petition, which ruling the defendant brings here. The opinion states the facts.

*A. M. Corn,* county attorney, for plaintiff in error.

*Z. T. Walrond,* county attorney, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by the board of county commissioners of Smith county against the board of county commissioners of Osborne county, for use of the county jail of Smith county, and for medical care and treatment. The plaintiff's petition reads as follows: .

"And now comes the said plaintiff, the county of Smith, and complains of said defendant, the county of Osborne, and for cause states:

"1. That the said defendant is indebted to said plaintiff in the sum of two hundred and $\frac{10}{100}$ dollars, for the use and hire of plaintiff's jail, during the years 1879, 1880, and 1881.

"2. Plaintiff says that while said defendant's prisoners were so confined in said plaintiff's jail for the commission of criminal offenses, they became dangerously sick, thereby necessitating immediate medical care and treatment. Plaintiff says that by reason of the poverty of said defendant's prisoners, being unable to pay for said medical treatment, they could procure the necessary medical care and treatment only upon the order of the board of county commissioners of the said Smith county. Plaintiff says that by reason as aforesaid, said board of county commissioners of said Smith county made an order furnishing to said prisoners the necessary care and treatment, and that said medical care and treatment were furnished to said prisoners as aforesaid in pursuance of said order, and that plaintiff paid the same in the sum of sixty-two and $\frac{75}{100}$ dollars, which was the reasonable charge for the same.

"And that there is now justly due and unpaid to said plaintiff, by reason as aforesaid, the sum of two hundred and sixty-three and $\frac{85}{100}$ dollars, for which they pray judgment, together with costs of suit."

It will be seen from the foregoing petition that the plaintiff attempted to allege two causes of action, numbered "1" and "2," respectively. The defendant answered to the first cause of action, denying generally all the material allegations thereof; and demurred to the second cause of action upon

the ground that the facts stated therein did not constitute any cause of action. The court below sustained the demurrer, and the defendant excepted; and now, as plaintiff in error, brings the case to this court, and assigns the ruling of the court below upon the demurrer as error.

We think the plaintiff's petition is defective. It does not appear from any of the allegations contained therein, that the board of county commissioners of Osborne county ever made any order or gave any consent that any medical care or treatment should be furnished to the prisoners from Osborne county confined in the county jail of Smith county; nor does it appear that any township trustee, or the sheriff of either county, ever authorized any such medical care or treatment; nor does it appear that the prisoners were then, or ever had been, residents of Osborne county. Under such circumstances, we do not think that the board of county commissioners of Osborne county is liable for the medical care and treatment furnished to the prisoners in the present case. (*Roberts v. Comm'rs of Pottawatomie Co.*, 10 Kas. 29; *Smith v. Comm'rs of Shawnee Co.*, 21 Kas. 669; *Comm'rs of Pottawatomie Co. v. Morrall*, 19 Kas. 141; *Comm'rs of Clay Co. v. Renner*, 27 Kas. 225; *Atchison County v. Tomlinson*, 9 Kas. 167; Comp. Laws of 1879, ch. 25, art. 8; ch. 53 and ch. 79.)

There does not appear to be any statute authorizing the commissioners of Smith county to furnish medical care and treatment to the prisoners from Osborne county confined in the county jail of Smith county; and, indeed, there does not seem to be any statute authorizing the county commissioners of Smith county to furnish anything in the way of care or treatment, or bedding, or sustenance, to prisoners from Osborne county confined in the county jail of Smith county. The statutes seem to contemplate that whenever these things are to be furnished, the sheriff of the county in which the jail is situated shall furnish them. (Comp. Laws of 1879, p. 294, ch. 25, § 105; id. p. 512, ch. 53, §§ 3 to 10.) And the board of county commissioners of the county from which the prisoners come should pay the sheriff for everything which

he has rightly and properly furnished to the prisoners.  If medical attendance was necessary in the present case, and if the prisoners are unable to pay for the same, it would be entirely proper for the board of county commissioners of Osborne county, in its discretion, under § 331 of the criminal code, to "allow a moderate compensation for medical services" furnished to the prisoners. (See also Comp. Laws of 1879, ch. 79, p. 593, § 8.)  It was not the duty, however, of the board of county commissioners of Smith county, under said § 331 of the criminal code, to furnish medical attendance to the prisoners from Osborne county confined in the county jail of Smith county.  Said § 331 does not provide for any such thing.

The ruling and judgment of the court below will be affirmed.

All the Justices concurring.