## THE BOARD OF COMMISSIONERS OF CARROLL COUNTY ET AL.
### *v.* RICHARDSON ET AL.

BOARD OF ·COUNTY COMMISSIONERS.—*Discretionary Allowance.*—*Appeal.*—
The board of commissioners, whilst in session and settling with a person
who had, under a contract entered into between him and such board, con-
structed certain county buildings, at and for a stipulated price, made
such contractor an allowance of record in these words: "And the con-
tractor," naming him, "having made proof to the satisfaction of the
board, by vouchers submitted, that he has sustained a loss to himself in
the erection of" said county buildings "in the sum of" a certain amount,
named, "and the board, to partly compensate the said contractor in his
loss in the erection of said buildings, do now allow the said" contractor
"the additional sum of" a certain amount less than the alleged loss, "the
board being satisfied that the county has received full value for the same;
and the auditor is directed to draw his warrants on the treasurer" for
the same. From this order, certain persons, claiming to be taxpayers of
the county, took an appeal to the circuit court, where such contractor
moved to dismiss the appeal for the reason that an appeal can not be
taken from the discretionary action of the board.

*Held,* that such an allowance by the board, not resting upon any legal obli-
gation, but being merely a matter of natural equity, rests entirely in the
discretion of such board and that no appeal can be taken therefrom.

SAME.—*Voluntary Service.*—*Statute Construed.*—Services rendered by a person
for a county, pursuant to a contract between such person and the board
of commissioners of such county, though rendered at a loss to such per-
son, do not come within the meaning of the terms "voluntary service"
and "things voluntarily furnished," as used in sec. 7 of the "act to au-
thorize and limit allowances," etc., 1 R. S. 1876, p. 62.

SAME.—*Voluntary Service.*—*Allowance for.*—*Appeal.*—Where, under the pro-
visions of the seventh section of the act of May 27th, 1852, 1 R. S. 1876,
p. 62, "to authorize and limit allowances," etc., the board of commis-
sioners of a county make an allowance to a person for services volunta-
rily rendered, or for things voluntarily furnished, by him for such
county, section nine of such act prohibits an appeal from such allow-
ance.

SAME.—*Appeal.*—*By Third Person.*—Section ten of said act does not give
to any third person a right of appeal from any allowance made by the
board of commissioners of a county.

From the Miami Circuit Court.

*B. B. Dailey, C. R. Pollard* and *J. H. Gould,* for appel-
lants.

WORDEN, C. J.—The following proceedings were had by

and before the Board of Commissioners of Carroll county, Indiana, on the 29th day of December, 1873, as is shown by the record of said board, viz.:

"No. 4. In the matter of the final report of C. A. McClure, architect and superintendent of new jail. Comes now C. A. McClure, architect, and files his report in words and figures as follows, to wit:

"'This is to certify that F. L. Farman, contractor of jail and jailer's residence, (on the acceptance of the same by the commissioners,) is entitled to his final estimate, (one-fourth,) and the additional sum, for extra work, of five hundred and seventy dollars and fifty-two cents, ($570.52,) as per schedule filed.

"'C. A. McClure,

"'Architect and Superintendent.'

"'December 29th, 1873.'

"The board having duly considered the report of the architect, and having inspected in person the building, and the board being sufficiently advised in the premises, do now approve the report of the architect, and do now receive the prison and sheriff's residence from the hands of the contractor, and do now direct that the auditor draw his warrants on the county treasurer for the remaining one-fourth of the contract price, according to the terms of said contract; one-third in one year, one-third in two years, and one-third in three years. And the board now allow Francis L. Farman, the contractor, the sum of five hundred and seventy dollars and fifty-two cents, ($570.52,) as extra services, and passed upon and allowed by the superintendent. And the contractor, F. L. Farman, having made proof to the satisfaction of the board, by vouchers submitted, that he sustained a loss to himself in the erection of the prison and sheriff's residence, in the sum of eight thousand dollars and upwards, and the board, to partly compensate the said contractor in his loss in the erection of said building, do now allow the said Francis L. Farman the additional sum of four

thousand four hundred and thirty dollars and seventy-three cents, ($4,430.73,) the board being satisfied that the county has received full value for the same; and the auditor is directed to draw his warrants on the treasurer as for former amounts named in the contract."

Afterwards, Richardson and others, the appellees herein, who were not parties to the proceeding, took an appeal to the Carroll circuit court, from so much of the above order of the board of commissioners as allowed Farman the sum of four thousand four hundred and thirty dollars and seventy-three cents, and the cause was sent for trial, on change of venue, to the Miami circuit court.

In the court below, Farman moved to dismiss the appeal, "because an appeal can not and ought not to be taken from the discretionary action of said board of commissioners." This motion was overruled, and exception taken. And thereupon, on motion of Richardson and others, the cause was dismissed, on the ground that the board of commissioners had no jurisdiction to make the allowance in question, and Farman excepted.

Errors were assigned upon these rulings.

Whether or not the appeal lay from the action of the board of commissioners to the circuit court must depend upon the statutes on that subject; for, unless some statute gives the right to such appeal, none exists. We have the following provisions on the subject of allowances by boards of commissioners, and appeals therefrom. 1 R. S. 1876, p. 63:

" Sec. 7. The board of commissioners may make allowances at their discretion; but it is hereby declared to be their duty to avoid as much as possible the necessity for making any allowance for voluntary service, or for things voluntarily furnished, by contracts for such services or things, or by ordering the same to be rendered at stipulated prices, or by vesting the power to procure such services or things in an agent, by them nominated of record."

" Sec. 9. No appeal shall lie from the decision of said

boards making allowance for services voluntarily rendered, or things voluntarily furnished, for the public use."

"Sec. 10. From all decisions for allowances other than those provided for in the preceding section, an appeal may be taken, within thirty days, to the circuit court, the party giving sufficient bond against costs, payable to such board. And if a claim be disallowed in whole or in part, the claimant may appeal; or, at his option, bring an action against the county; but if he shall not recover more on such appeal than is allowed, he shall pay the costs of such appeal."

It is to be gathered from the seventh section, above set out, that what the legislature meant by the terms "voluntary service" and "things voluntarily furnished" was services rendered, or things furnished, without any contract therefor. And as the services rendered in this case by Farman, for which the allowance was made, appear to have been rendered under and by virtue of a contract, they can not be regarded as voluntary, within the meaning of the statute, and therefore an appeal is not prohibited by the said ninth section.

But does the tenth section give the right of appeal to a third person, who has no interest in the matter other than as a tax-payer? If not, some other provision must give the right, or it does not exist.

The ninth section, as we have seen, prohibits appeals from the decision of the boards making allowances for services voluntarily rendered, or things voluntarily furnished. The action of the board in respect to those matters is final. If the board allow the claim, or any part of it, or disallow it, the party rendering the services or furnishing the things, and every one else, must be content.

Now, after carefully considering section ten, we think it was intended to give the applicant for an allowance the right of appeal, in cases where an appeal is not prohibited by section nine; and that it was not intended to give

third persons the right to such appeal. The language seems to have reference solely to the party claiming the allowance. " The party " is to give bond against costs. No one is a party but the applicant for the allowance. The bond is to be payable to the board. If it were intended that a third person might appeal from an allowance made by the board, it would seem natural that the bond should be payable to the person in whose favor the allowance was made. Again, if the claim is disallowed, in whole or in part, the claimant may, at his option, appeal or bring an action against the board. But the idea is not suggested that a third person may appeal if the claim is allowed in part. We are of opinion that the appeal to the circuit court was not authorized by section ten.

We have, however, the following provision, which is contained in a different act. 1 R. S. 1876, p. 357, sec. 31; " From all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court, by any person aggrieved; but if such person shall not be a party to the proceeding such appeal shall not be allowed, unless he shall file in the office of the county auditor his affidavit setting forth that he has an interest in the matter decided, and that he is aggrieved by such decision, alleging explicitly the nature of his interest."

In order to determine whether an appeal lies under the provision last quoted, we must look at the nature of the case on which the board acted. It seems that Farman had made a contract for the building of a jail, including a residence for the sheriff, at a stipulated price, and had completed the contract to the satisfaction of the architect and superintendent, and to the acceptance of the board, and that he had lost upon the contract over eight thousand dollars. The board, being satisfied of the loss, in order to partly compensate him therefor, made the order allowing him the four thousand four hundred and thirty dollars and seventy-three cents, beyond the contract price

and the pay for extra work, being satisfied that the county had received full value for the same.

The allowance does not seem to have been placed upon the ground that there was any legal obligation resting upon the county to pay beyond the terms of the contract, but upon the ground of natural equity. The county, speaking through its board of commissioners, having got the benefit of Farman's work and materials, under such a contract as produced a loss to him, was willing to partly compensate him for that loss, and thereby share it with him. This the board, although not bound, had the undoubted right to do; for, as we have seen, the board has the right to make allowances at their discretion. Where a matter rests thus entirely in the discretion of the board, and not upon any supposed legal obligation, we think no appeal lies from the action of the board. The following observations, made in the case of *The Board of Commissioners of Huntington County* v. *Boyle*, 9 Ind. 296, are applicable here: "By permission, the commissioners may, by way of gift, requite such services, and when they do, no appeal to a court of law would avail, as no legal question would be presented, the allowance not being on the ground of legal obligation, but a mere matter of favor, or 'natural equity.'" This court has several times decided that no appeal lies from the action of the board of commissioners, upon a matter resting in their discretion. Thus, in the case of *Sims* v. *The Board of Commissioners of Monroe County*, 39 Ind. 40, this court said, "We have no statute which, in our opinion, should be construed to authorize an appeal from the action of the board of commissioners upon a matter involving no question of legal right, but simply a matter for the exercise of the discretion of the board." Thus also, it was held in the case of *Moffit* v. *The State, ex rel. Fleming*, 40 Ind. 217, that no appeal lies from an order and contract of the board for the building of a court-house, because it is a matter within the discretion of the board. There are

other cases to be found in our reports to the same effect, but we deem it unnecessary to collect them here. The case of *Fordyce v. The Board of Commissioners of Montgomery County*, 28 Ind. 454, is not, as we think, in conflict with the view which we take here. In that case, the board of commissioners made an order to donate one hundred and twenty-five thousand dollars to a railroad company, to be used in grubbing, bridging and putting ties on the track of the road. We do not think the donation was an allowance within the meaning of the statute above quoted, and, therefore, did not rest in the discretion of the commissioners. One of the definitions of the word "allowance," as given by Worcester, is " something conceded as a compensation; abatement; deduction." The case before us comes within that definition, but a donation to a railroad company does not.

The conclusion at which we have arrived is, that the allowance was a matter resting entirely in the discretion of the board of commissioners, and that no appeal could be taken therefrom to the circuit court.

The judgment below, dismissing the case, is reversed, with costs, and the cause remanded back with directions to dismiss the appeal.