THE BOARD OF COMM'RS OF MARION CO. v. REISSNER.

COUNTY.—*Liability for Fuel for County Jail.—Sheriff.—County Commissioners.* —A county is liable to its sheriff for the value of fuel furnished by him, and necessary for the county jail; and the county board is authorized to allow him therefor, under section 13, 1 R. S. 1876, p. 352, of the act providing for the organization of county boards.

The Board of Comm'rs of Marion Co. *v.* Reissner.

SAME.—*Fees and Salaries.*—*Boarding Prisoner.*—Fuel so furnished is not part of the boarding of prisoners, and is not compensated by the allowance *per diem* for such boarding, nor by the sheriff's fees prescribed by law.

SAME.—*Statute Construed.*—The county board is not prohibited by section 15 of the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 467, from making the sheriff an allowance for fuel so furnished.

SAME.—*Allowance.*—*County Officers.*—The word "allowance," as used in such section, does not include a legal demand owing from a county to any of its officers, but only such an allowance as would otherwise rest in the discretion of the county board, not depending upon legal right.

From the Marion Superior Court.

*L. Barbour* and *J. H. Laird*, for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor*, for appellee.

WORDEN, J.—Action by the appellee, against the appellant, to recover the value of certain candles, brooms, mops and coal, purchased by the plaintiff as sheriff of the county, for the use of the jail thereof, necessary therefor and used therein, during the year 1875, amounting to one hundred and sixty-five dollars and fifty cents.

Trial by the court; special finding, and judgment for plaintiff at special term; affirmed at general term.

The question arising in the case, as stated in the opinion of the court below at general term, is, whether a county sheriff is entitled to recover from the county for mops, brooms, coal and candles, which were necessary for use in the county jail, purchased by him for such use, and used in cleaning, heating and lighting the jail of the county.

The appellant, we infer, does not contest the matter of the brooms, mops and candles, as, in the brief of counsel for the board, the question is stated to be, "whether the board of commissioners shall pay for the fuel for the county jail, in addition to paying the fees allowed by the statute to the sheriff, to be paid out of the county treasury."

The 1st section of the act of May 27th, 1852, concerning county prisons, 1 R. S. 1876, p. 601, provides, that

"there shall be established and kept in every county, by authority of the board of county commissioners, and at the expense of the county, a prison for the safe-keeping of prisoners lawfully committed."

This section establishes, that the prison is not only to be established, but it is to be *kept*, at the expense of the county.

By the 3d section of the same act, the sheriff is made the keeper of the jail, and responsible for the manner in which it is kept. He is also to provide proper meat, drink and fuel for the prisoners, if they have no other convenient way of supplying themselves.

Thus it is seen, that the Legislature intended, by the provision for keeping the·jail at the expense of the county, to include the furnishing of proper meat, drink and fuel for the prisoners

The appellant has cited a contemporaneous statute, now repealed, fixing the fees of the sheriff for arresting, committing and discharging prisoners, and fixing the compensation for boarding them. And it is argued that the fees and compensation thus fixed were intended to be a full compensation for meat, drink and fuel. We are not of that opinion. The word "boarding" does not, in its ordinary sense, or as used in the statute, include the furnishing of fuel.

We are not aware of any express provision of the statute as to the manner of paying the sheriff for fuel thus furnished by him; but as he is to furnish it at the expense of the county, it follows that the county is responsible to him for it. The commissioners might have allowed it under section 13, 1 R. S. 1876, p. 352, which authorizes them to allow all accounts chargeable against the county. See the case of *The Board of Commissioners of Jackson County* v. *King*, 7 Ind. 721, which is somewhat analogous.

But it is claimed by the appellant, that, if the act of 1852 entitled the sheriff to pay for fuel furnished for the

jail, it was in that respect impliedly repealed by the act of 1875, fixing the fees of officers, etc. 1 R. S. 1876, p. 476. The latter act makes no provision for paying the sheriff for fuel furnished by him for the jail, but it fixes his *per diem* compensation for boarding prisoners.

The commencement of section 16, that in relation to sheriffs, provides, that "The sheriffs of the several counties of the State shall tax and charge the following fees and none other, to wit:" etc. But the claim of a sheriff for fuel furnished for the jail is not a fee, and not embraced in the above provision.

The 15th section of the act provides, that "The board of county commissioners shall make no allowance, not specially required by this act, to any county auditor, clerk, sheriff or treasurer, either directly or indirectly, nor to any clerk, deputy, bailiff or employee of such officer, nor shall they employ or authorize the employment of any deputy, bailiff or clerk for such officer," etc.

This statute in no manner releases the county from its obligation to keep the jail at its own expense, nor the sheriff from his obligation to furnish the proper fuel therefor at the expense of the county.

And we think the word "allowance," as used in the statute, was not intended to embrace a legal demand which any of the officers named might have against the county, but only such matters as would otherwise, under other laws, have rested in the discretion of the board; and that the law was not intended to prevent the board from paying any legal claim against the county, but to prevent that body from making allowances in matters which would otherwise have been discretionary with the board, and not depending upon legal right. See *The Board of Commissioners of Carroll County* v. *Richardson*, 54 Ind. 153.

The statute was clearly not intended, so far as the officers named are concerned, to take away the right of the board to allow all accounts chargeable against the county,

as provided for in the act providing for the organization of county boards.

The judgment below is affirmed, with costs.