## The Board of Commissioners of Marion County v. Reissner et al.

Board of Commissioners.—*Liability to Sheriff for Articles Purchased for Jail.*—The board of commissioners of a county in this State are liable to the sheriff of such county, for the price of brooms and mops purchased by him and used in keeping the county jail clean.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

*N. B. Taylor*, *F. Rand* and *E. Taylor*, for appellees.

PERKINS, J.—The appellant, in its brief in this cause, says :

" There is but a single question in this case, so that no extended review of the record is necessary. The case comes up on the special findings and conclusions of law.

"While Reissner was sheriff of Marion county, he purchased, on his own account, and paid for certain brooms and mops, to be, and which were, used by him in keeping the jail clean. After his term of office expired, he filed his account " (for the same) " before the board " (of commissioners of the county). " It was disallowed. The Superior Court, on appeal, at both special and general term, allowed the claim against the county, on the authority of the case between the same parties, reported in 58 Ind. 260."

We quote the opening paragraphs of the opinion in that case :

" Action by the appellee, against the appellant " (in the Marion Superior Court), " to recover the value of certain candles, brooms, mops and coal, purchased by the plaintiff as sheriff of the county, for the use of the jail thereof, necessary therefor and used therein, during the year 1875, amounting to one hundred and sixty-five dollars and fifty cents.

" Trial by the court ; special finding, and judgment for plaintiff at special term : affirmed at general term."

(This judgment included the price of the brooms, mops and candles).

" The question arising in the case, as stated in the opinion of the court below at general term, is, whether a county sheriff is entitled to recover from the county for mops, brooms, coal and candles which were necessary for use in the county jail, purchased by him for such use, and used in cleaning, heating and lighting the jail of the county.

" The appellant, we infer, does not contest the matter of the brooms, mops and candles, as, in the brief of counsel for the board, the question is stated to be, ' whether the board of commissioners shall pay for the fuel for the county jail, in addition to paying the fees allowed by the statute to the sheriff, to be paid out of the county treasury.' "

The judgment of the superior court was affirmed by the Supreme Court. It thus appears that the judgment of the superior court was affirmed for the price of the brooms, mops and candles, without opposition from the board of commissioners.

From the foregoing statement it is manifest that the question now raised in the case at bar was decided in the case of *The Board of Comm'rs, etc.,* v. *Reissner,* 58 Ind. 260 ; and, hence, that the superior court did not err in deciding the present upon the authority of that case.

We adhere to the decision in the case cited, and are satisfied that, in principle as well as in character of articles, it covers the claim in the present case.

The judgment is affirmed, with costs.