No. 15,527.

## The Board of Commissioners of Vigo County *v.* Weeks.

County.—*Heating Jail.*—*Wages of Engineer.*—*Liability to Sheriff Therefor.*—Where a skilled engineer is required to manage the steam-heating apparatus placed in a jail by the board of county commissioners, the county is liable for the wages of such engineer employed by the sheriff. *Wood* v. *Board, etc.*, 125 Ind. 270; *Board, etc.*, v. *Barnes*, 123 Ind. 403; *Wright* v. *Board, etc.*, 98 Ind. 88, distinguished.

The Board of Commissioners of Vigo County *v.* Weeks.

From the Vigo Circuit Court.

*W. J. Whittaker* and *T. W. Harper,* for appellant.

*H. D. Roquet, C. F. McNutt, J. G. McNutt, J. E. Lamb, G. W. Faris* and *S. R. Hamill,* for appellee.

ELLIOTT, C. J.—The complaint in this case shows that the county of Vigo obtained and placed in its jail a steam heating apparatus and appliances; that it was necessary to employ a competent engineer to run the engine connected with the heating apparatus, and that the sheriff of the county did employ such an engineer, and that the compensation agreed upon is a just and reasonable one. The appellant unsuccessfully demurred to the complaint, and on that ruling error is alleged.

The complaint states a cause of action. The statute provides that the jail shall be maintained at the expense of the county. It reads thus: "There shall be established and kept in every county by authority of the board of county commissioners, and at the expense of the county, a prison for the safe keeping of prisoners lawfully committed." Section 6115, R. S. 1881. The only question that can arise under this statute is, what can be considered as part of the expense of keeping the county prison? Under the decisions heretofore made, and to which we rigidly adhere, the sheriff can not successfully claim compensation for official services rendered by him, or which it was his duty to render, although they relate to the care and keeping of the jail. *Bynum* v. *Board, etc.,* 100 Ind. 90; *Board, etc.,* v. *Gresham,* 101 Ind. 53; *Taylor* v. *Board, etc.,* 110 Ind. 462. But this case does not fall within the rule established, and rightly established, by those decisions and kindred ones, for here it was not the duty of the sheriff to manage the engine. As it was not his duty to take charge of the engine, and, as the board made the safe and proper management and care of the engine necessary as part of the expense of keeping the jail, the county is bound to pay the wages of the engineer. The

case falls within the rule laid down in *Board, etc.,* v. *Reissner,* 58 Ind. 260, and *Board, etc.,* v. *Reissner,* 66 Ind. 568. The cases just mentioned are limited, and properly limited, in *Bynum* v. *Board, etc., supra,* and *Board, etc.,* v. *Gresham, supra;* but, even as limited, they are still broad enough to cover a case like this, where the services of a skilled and competent person are required to manage a steam engine made part of the jail by the act of the commissioners. In affirming that an engineer's compensation may be recovered from the county, we are not to be understood as expressly or impliedly deciding that compensation shall be paid to persons employed by the sheriff in taking care of the jail and the prisoners where such persons are not required to possess par-. ticular skill, or where the compensation for the services of such persons is covered by the allowance made to the sheriff for receiving, discharging, keeping, or boarding prisoners. No such question is involved in the case before us.

The claim in this instance is not for an extra allowance, or for fees or costs, but it is for the services of a person to fill a position requiring peculiar skill and knowledge, so that the case is not within the doctrine of such cases as *Wood* v. *Board, etc.,* 125 Ind. 270; *Board, etc.,* v. *Barnes,* 123 Ind. 403; *Wright* v. *Board, etc.,* 98 Ind. 88.

Judgment affirmed.

