No. 13,506.

RICHART *v.* BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOULDER.
(33 P. [2d] 971)

Decided May 28, 1934.

154

Mr. John R. Wolff, for plaintiff in error.

Mr. Wade P. Connell, for defendant in error.

*En Banc.*

Mr. Justice Butler, sitting for Mr. Chief Justice Adams, delivered the opinion of the court.

The board of county commissioners of the county of Boulder obtained a judgment that George A. Richart "be removed from occupying" as living quarters a certain room in the building used as a county court house and jail in Boulder, and restraining him "from making use of said room not authorized by the Board of County Commissioners." Richart seeks the reversal of the judgment.

The complaint alleges, among other things, that the plaintiff caused the erection of a court house, and in the same provided a sufficient jail and living quarters for a jailer, said living quarters consisting of a bedroom, with bath attached, and a living room; that on the top floor it provided also a room in which prisoners can consult counsel, and installed therein facilities for the cleaning of prisoners, and set aside and designated that room for those purposes exclusively; that the living quarters are large enough for a jailer and his wife, but too small for

more persons; that the plaintiff did not deem it proper for small children to be housed in the environment of the jail, and that housing more than a man and his wife would in all probability result in unwarranted expense; that the defendant, sheriff of Boulder county, moved, with his family, consisting of six children from six to fifteen years of age, and his wife's mother, into the quarters so provided and also into the room in question, and occupied them as living quarters; and that although requested to vacate the room in question,. the defendant continues to remain in possession thereof.

The answer admits that the defendant is in possession of the room and refuses to vacate; and alleges, among other things, that the upper floor of the building is the county jail and that the room in question is a part thereof; that upon the completion of the building the plaintiff turned over to the defendant the keys, custody and control of the top floor thereof for use and occupancy as the county jail, and that it has at all times thereafter been occupied by him as such; that the room in question is unsafe and dangerous for use as a conference room or for a public entrance to the jail through the connecting elevator of the court house, in that no suitable or proper safeguards have been provided to prevent a prisoner's escape, either through the connecting elevator or out over the roof of the court house, and in that free access to the room by the public would lead to the easy escape of prisoners and would jeopardize the lives of the matron and the keeper of the jail, in the event of an attempted jail delivery of prisoners with outside assistance. The answer admits that the defendant and his family occupy the room in question as part of their living quarters in the jail.

The plaintiff demurred generally to the answer, the court sustained the demurrer, the defendant stood upon his answer, and the court thereupon rendered judgment for the plaintiff. We are of the opinion that in doing so, the court erred.

The plaintiff claims the right to designate the purposes for which alone the room in question may be used, and bases its claim upon the following provisions of the Compiled Laws: Section 8658 empowers counties to make such orders respecting real or personal estate owned by the county as may be deemed conducive to the interests of the inhabitants. Section 8660 provides that the powers of a county shall be exercised by a board of county commissioners. Section 8661 requires each county to provide a suitable court house and a sufficient jail and to keep them in repair. Section 8682 confers upon the board of county commissioners power to make such orders concerning the property belonging to the county as it may deem expedient. Section 8898 makes it the duty of county commissioners to make personal examination of the jail, its sufficiency and the management thereof, and to correct all irregularities and improprieties found therein.

But there are certain provisions of the Compiled Laws relating specifically to the authority and duty of the sheriff in connection with jails. Section 8754 is as follows: "The sheriff shall have charge and custody of the jails of his county, and of the prisoners in the same, and shall keep them himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." Section 8873 makes the sheriff, in person or by deputy, keeper of the county jail; makes him responsible for the manner in which the same is kept; and requires him to see that the same is kept clean, safe and wholesome. Section 8874 requires the keeper of the county jail to receive and safely keep every person duly committed to such jail, and provides that he shall not, without lawful authority, let any such person out of jail on bail or otherwise. Section 8760 requires the outgoing sheriff to deliver to his successor the possession of the county jail and to take a receipt specifying the prisoners in custody. Section 8875 is as follows: "The sheriff of each county shall feed all the prisoners * * * with good and sufficient food; and

the board of county commissioners of such county shall, at the expense of the county, furnish to such sheriff all the groceries, supplies, utensils, equipment, and assistants such sheriff may require to perform his duty of properly feeding such prisoners and shall also pay all the costs and expenses incurred therein.'' Section 8899 makes it the duty of the sheriff to pursue and recapture prisoners who have escaped from the jail. Section 7162 makes it the duty of sheriffs and jailers to permit any person in their custody to consult his attorney, alone and in private, except in cases of immediate danger of escape, and provides that for a refusal to do so he shall pay $100 to the person aggrieved, to be recovered by action of debt. The sheriff is required by section 8830 to take the customary official oath, and by section 8748 is required to give an official bond in a penal sum of not less than $5,000 nor more than $20,000.

The general powers conferred upon the board with reference to the county's property generally, when in conflict with the special, particular powers conferred upon the sheriff with reference to jails, must yield to the latter; the latter must be treated as exceptions to the former. *Dahnke v. People,* 168 Ill. 102, 111, 48 N. E. 137.

The room in question is part of the jail. The defendant, not the plaintiff, is the one who has charge and custody of the jail and of the prisoners; is responsible for the manner in which the jail is kept; must see that it is kept clean, safe and wholesome; must feed the prisoners; must prevent escapes; and must make reasonable arrangements for conferences between prisoners and their attorneys, exercising care in so doing so as to prevent escapes. By demurring, the plaintiff admits the truth of the allegations in the answer that for reasons stated therein the use of the room as a conference room would be unsafe and dangerous, would lead to the easy escape of prisoners, and would jeopardize the lives of the keeper and the matron of the jail in the event of an attempted jail delivery with outside assistance. A sher-

iff, in his capacity as jailer, has a great responsibility, and he cannot perform his duties properly if subject to interference by a board of county commissioners. The plaintiff's authority under section 8898, supra, to correct irregularities and improprieties found in the jail, does not authorize the plaintiff to dictate to the defendant where the defendant shall clean the prisoners and permit consultation between them and their lawyers, or to require him to use the room in question for such purposes and for no other.

■■ Can the plaintiff forbid the defendant to use the room in question as a living room for himself and his family? We think not. It is for the defendant to determine whether or not that room or some other place in the jail shall be used for cleaning and conference purposes. It does not appear that this vacant room in the jail is required for the confinement of prisoners. The plaintiff has no authority to forbid the defendant to occupy it as a living room. The defendant is the keeper of the jail, and a jailer cannot perform satisfactorily the duties imposed upon him by law without living in the jail. To accomplish the best results, he should be present night and day to control and guard the prisoners, repel attacks, prevent escapes and forcible jail deliveries, feed the prisoners, and minister to those that are sick and might need constant attention. From time immemorial jailers have lived in the jail. They are permitted, and sometimes are required by statute, to do so. This is not for their own personal benefit, but, as was said in *Norton v. Simms,* 85 Kan. 822, 827, 118 Pac. 1071, "for the benefit of the public and to secure the best results in the care and keeping of the prisoners." In Colorado there is no statute, as in Kansas and some other states, specifically requiring the jailer to live in the jail; but we have a statute that recognizes the existence and propriety of the custom. Section 8873, supra, requires the county to bear the expenses of lighting and warming that part of the jail "wherein prisoners are confined, and the office in

the jail," and adds: "But nothing herein shall authorize the lighting or warming that part of the jail occupied by the keeper thereof *as his dwelling house.*" Indeed, in the present case, the complaint is not that the defendant lives in the jail, but that his family is too large to be accommodated in the quarters to which the plaintiff seeks to restrict them. But with the addition of this spare room, the defendant and his family seem to be willing and able to get along.

The judgment is reversed, and the cause is remanded with instructions to overrule the demurrer.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL did not participate.

MR. JUSTICE BOUCK dissents.