No. 24464.

FORREST W. ROBRAN *v.* THE PEOPLE OF THE STATE OF COLORADO, EX REL. JOHN B. SMITH, DISTRICT ATTORNEY WITHIN AND FOR THE TWELFTH JUDICIAL DISTRICT OF THE STATE OF COLORADO, IN AND FOR THE COUNTY OF RIO GRANDE.

(479 P.2d 976)

Decided January 18, 1971.

ROBERT C. DUTHIE, for plaintiff in error.

SMITH AND SMITH, JOHN B. SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS writ of error was sued out by the sheriff of Rio Grande County (referred to as the sheriff) from a judgment finding him in contempt of court. We affirm.

At the time of the district court hearings in this matter counsel for the defendant in error was district attorney. He no longer holds this position and appears here as retained counsel.

Two alleged matters of contempt were involved in this proceeding. First, the sheriff allegedly permitted three prisoners awaiting trial for first degree murder, to whom bail was denied, to be free a substantial amount of time, to live with their wives, and to accept employment. Secondly, he allegedly removed from the office of the clerk of the court keys which had been admitted in evidence in the murder case and delivered them to the widow of the victim in that case, none of which acts of the sheriff were authorized by the court.

Following the trials and conviction of the three prisoners of the crime of first degree murder, the court entered an order directing the district attorney to make an investigation of the truth of information the judge had received from several sources that the sheriff had not kept the prisoners in confinement. The district attorney also was ordered either to file a contempt charge against the sheriff or to make a report to the court as to why there should not be prosecution for contempt. Thereafter, the district attorney filed a petition alleging the failure to confine the three prisoners, and the sheriff

was ordered to show cause why he should not be punished for contempt.

In the hearing under the order to show cause it was established by uncontroverted testimony that the three men were denied bail and thereafter were permitted by the sheriff to be at large. The evidence also disclosed without conflict that the sheriff knew that the men were at large and that they were released under his direction.

At the conclusion of that hearing, the court took the matter under advisement. Thereafter and prior to the issuance of any judgment the district attorney moved for the issuance of a supplemental contempt citation predicated upon the alleged removal of the keys by the sheriff. A supplemental citation to show cause was issued and a hearing was held. Thereafter, the court entered its findings of fact, conclusions of law and judgment which embraced the matters considered at both hearings. At the second hearing, the sheriff conceded the truth of the allegations made in the petition for the supplemental citation, and the district attorney also introduced evidence supporting the allegations.

I.

The sheriff contends that the court had no jurisdiction for the following reasons: namely, that a sheriff is a creature of the Colorado constitution; that C.R.S. 1963, 35-5-11 gives the sheriff control over and custody of the prisoners in the county jail; and that as to the matters involved here he was acting under his statutory authority and not as an officer of the court. He cites as authority *McMillan v. Hammond,* 158 Colo. 40, 404 P.2d 549 (1965); *In re Jameson,* 139 Colo. 171, 340 P.2d 423 (1959); *People v. County Court,* 128 Colo. 374, 262 P.2d 550 (1953); *Struble v. Barger,* 128 Colo. 188, 261 P.2d 497 (1953); *Best v. People,* 121 Colo. 100, 212 P.2d 1007 (1949); *Richart v. Boulder Co.,* 95 Colo. 153, 33 P.2d 971 (1934); *People v. District Court,* 89 Colo. 78, 299 P. 1 (1931); and *Roberson v. People,* 40 Colo. 119, 90 P. 79 (1907). All of these cases are distinguishable.

382

 An order refusing bail is an order that the accused shall be confined. We hold that when a sheriff knows that his prisoner has been refused bail, it is a contempt of the court refusing the bail for the sheriff willfully to permit the prisoner to be at large. *United States v. Hoffman,* 13 F.2d 269 (1925); and *Ex parte Shores,* 195 F. 627 (1912).

II.

 The sheriff moved that there be an arraignment as in a criminal case. The court overruled the motion and ordered the sheriff to file an answer. The sheriff complied with this order, but insists that he was entitled to be arraigned. The only authority cited by the sheriff in support of his proposition is *Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct., 1477, 20 L.Ed.2d 522 (1968). The entire argument in the sheriff's brief is as follows: "The failure of the Trial Court to grant arraignment was error. *Bloom Case, supra.*" The defendant in error has not argued the matter in his brief. Our research discloses the following authorities which hold that an arraignment is not necessary in a criminal contempt proceeding: *Coons v. State,* 191 Ind. 580, 134 N.E. 194 (1922); *State v. Barlow,* 132 Neb. 166, 271 N.W. 282 (1937); and *Nebraska Children's Home Soc. v. State,* 57 Neb. 765, 78 N.W. 267 (1899). We hold that no arraignment is required, at least with respect to those criminal contempts which are analogous to petty offenses.

III.

 Relying on *Bloom v. Illinois, supra,* the sheriff argued to the trial court and here that he was entitled to a jury trial. In *Bloom* the petitioner was convicted of criminal contempt and sentenced to 24 months' imprisonment. The United States Supreme Court held that the sentence of 24 months made this a serious offense and ruled that the petitioner was entitled to a jury trial. The opinion further states that it does not affect the power to punish petty criminal contempts without a jury. *Bloom v. Illinois* was decided on May 20, 1968. On De-

cember 22, 1969 there was announced Mr. Justice Lee's opinion in *Austin v. City and County of Denver,* 170 Colo. 448, 462 P.2d 600, in which it was held that there is no constitutional right to a jury trial for a petty offense and that crimes or offenses punishable not in excess of imprisonment for six months and a fine of not more than $500 are petty offenses. Here, the trial court denied the defendant's motion for jury trial. It is our view that the effect of the denial of that motion was an election by the court to treat the matters before it as petty offenses. The court sentenced the sheriff to serve 30 days in the Alamosa county jail for the contempt involved under the original citation and fined him $250 for contempt under the supplemental citation. Thus, the court acted in conformity with *Austin* in its denial of a request for jury trial. See *United States v. Tijerina,* 412 F.2d 661 (1969) and its discussion of *Frank v. United States,* 395 U.S. 147, 89 S.Ct. 1503, 23 L.Ed.2d 162 (1969).

## IV.

The sheriff has taken the position that the supplemental citation was an amendment of the original, and it was error to reopen the case and present evidence under the supplemental citation. It would seem that, while there is only one set of findings and conclusions and only one judgment, what occurred amounted to two different contempt proceedings. We perceive no error in this respect.

## V.

The sheriff has urged strongly that, in denying his motion that the trial judge disqualify himself, there was prejudicial error. This position is predicated upon statements concerning the sheriff made by the trial judge to a newspaper and in open court. We have given rather extended consideration to this point. Under our disposition of this point, it is unnecessary for us to determine whether the trial judge erred in not disqualifying himself. We assume for the purposes of the case that this was error, but we hold that it was not prejudicial error.

As previously mentioned, there was no disagreement over the facts. With the conduct of the sheriff undisputed, the sole material determinations to be made by the trial court were matters of law.

Our function as an appellate court is to determine whether the trial court correctly ruled on these matters of law, and we have found that it did. Any prejudice against the sheriff by the trial judge could not have been prejudicial in such circumstances. *Calhoun v. Superior Court*, 51 Cal.2d 257, 331 P.2d 648 (1958); and *Mackie v. Dyer*, 154 Cal. App.2d 395, 316 P.2d 366 (1957). Of course prejudice of a trial judge can have an effect upon the sentence or fine. However, had this court been acting as the trial court it would have sentenced and fined the sheriff more severely than the trial court did. Any prejudice on the part of the judge was not reflected in his sentence and fine and did not prejudice the sheriff.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.