518 P.2d 1371 (1973)
Guy VAN CLEAVE, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ADAMS et al., Defendants-Appellees.
No. 72-256.
Colorado Court of Appeals, Div. II.
December 18, 1973.
Rehearing Denied January 8, 1974.
*1372 Carroll, Bradley & Ciancio, P. C., John S. Carroll, Denver, for plaintiff-appellant.
Berger & Rothstein, David Berger, Ronald Cohen, Asst. County Atty., Commerce City, for defendants-appellees.
Carl Feldhamer, P.C., Denver, for amicus curiae Colo. Sheriff's and Peace Officer's Assn.
Selected for Official Publication.
SMITH, Judge.
In November of 1961, defendant Board of County Commissioners sought plaintiff Van Cleave's application for appointment to the then vacant post of Adams County sheriff. At the time, plaintiff was chief of police of Westminster, Colorado. Although plaintiff was reluctant to leave a higher salaried position, he alleges that he was induced to resign as chief of police and to accept the appointment on the basis of the board's representation that plaintiff, in addition to a salary, would receive the equivalent of living quarters in the county jail in the form of a monthly housing allowance. Plaintiff was subsequently elected and relected in 1962, 1966, and 1970. From 1961 through the end of his term in 1970, plaintiff was paid a monthly housing allowance.
In 1971, after commencement of plaintiff's third elected term of office, the board terminated the housing allowance. Plaintiff brought this action seeking an order compelling defendant to provide him with living quarters in the jail and an interim housing allowance until such quarters were made available, or in the alternative, a housing allowance in lieu of living quarters. Defendants counterclaimed for restitution of all monies previously paid to plaintiff as a housing allowance.
At the conclusion of a trial to the court, judgment was entered ordering the county to provide living quarters for plaintiff within the jail. All parties agreed to the entry of this portion of the judgment and do not raise its propriety on appeal. All other claims of the parties were dismissed. On appeal, plaintiff seeks modification of that judgment in the form of an order compelling defendant to pay a housing allowance until such time as living quarters are made available. Defendants cross-appeal from dismissal of their claim for restitution. We affirm.

I
Plaintiff argues that the housing allowance is part of his salary or compensation *1373 and that it is constitutionally impermissible for the board to reduce the salary or compensation after plaintiff has won re-election and has begun serving his term of office.
Colo.Const. Art. V., Sec. 30, provides:
"No law shall extend the term of any public officer, or increase or decrease his salary, after his election or appointment, as fixed by legislative enactment."
Colo.Const. Art. XIV, Sec. 15, states:
"The general assembly shall fix the compensation of county officers in this state by law . . . .
. . . . . .
"The compensation of any county officer shall be increased or decreased only when the compensation of all county officers within the same county, or when the compensation for the county officer within the several counties of the state, is increased or decreased.
"Except for the schedule of increased compensation for county officers enacted by the general assembly to become effective on January 1, 1969, county officers shall not thereafter have their compensation increased or decreased during the terms of office to which they have been elected or appointed."
The precise issue raised is whether living quarters in the jail, or a housing allowance in lieu thereof, is salary or compensation fixed by legislative enactment within the meaning of these constitutional provisions.
C.R.S.1963, 105-7-2, provides in part:
"The expenses of keeping the jail in good order and repair, of lighting and warming that part thereof wherein prisoners are confined, and the office in the jail, shall be paid by the county wherein the jail is situated. Nothing in this section shall authorize the lighting or warming that part of the jail occupied by the keeper thereof as his dwelling home. (emphasis added)
Plaintiff maintains the italicized portion of this provision, as construed in Richart v. Board of County Commissioners, 95 Colo. 153, 33 P.2d 971, authorized living quarters in the jail or a housing allowance in lieu thereof as partial compensation or salary for a sheriff-jailer. We disagree.
In Richart, the county provided the sheriff and his wife with living quarters in the jail. However, because the sheriff had six children, he used an additional room, designated by the board of commissioners for use as a prisoner-counsel conference room, for family purposes. The board of commissioners brought an action seeking to restrain the sheriff from occupying this particular room as part of his living quarters. Defendant sheriff claimed the right to designate the purposes for which the room should be used, and asserted that the board's intended use of the room would lead to the easy escape of prisoners and jeopardize the lives of the keeper and matron of the jail. The issue in Richart was whether the board of county commissioners' general authority to control the county's property took precedence over the sheriff's more specific authority, as county jailer, to administer the functioning of the jail. The supreme court concluded that the board's general powers must yield to the particular powers conferred upon the sheriff with reference to the jail, and held that the board had no authority to forbid the defendant from occupying the room as part of the sheriff's living quarters.
In reaching this result, the court noted that the legislature had recognized the existence and propriety of jailers living in the jail, citing what is now C.R.S.1963, 105-7-2, and that the sheriff's use of the additional room was therefore lawful. We do not understand this language as placing the county under an affirmative duty to provide the jailer with living quarters under all circumstances. Neither does the decision support plaintiff's theory that free living quarters are a part of the salary or compensation of the sheriff-jailer. The court in Richart specifically noted that the custom is permitted not for the benefit of *1374 the jailer but to ensure constant supervision of the jail for the safety and well-being of the public.
The authority to fix compensation for county officers is vested exclusively in the general assembly. See Colo.Const. Art. XIV, Sec. 15. Compensation for county sheriffs is expressly provided for in 1971 Perm.Supp., C.R.S.1963, 56-2-4. Absent the construction placed on C.R.S.1963, 105-7-2, by plaintiff's reading of Richart, there is no support for the contention that the statute authorizes the county to compensate the sheriff through provision of living quarters or a housing allowance. This leads to the conclusion that the housing allowance paid to plaintiff was unauthorized and illegal. Thus, its elimination could not violate the constitutional prohibition against reduction of salary or compensation during the term of office of public officials. However, this is not to say that the county is prohibited from providing living quarters to the jailer where those public purposes expressed in Richart can be achieved thereby.

II
Plaintiff alternatively urges that he relied to his detriment upon the board's representations that a housing allowance would be provided, and that the county is now estopped from terminating the housing allowance. We cannot agree. As already noted, the housing allowance paid to plaintiff by defendant board is unauthorized and illegal. Estoppel may not be urged against a county acting in its governmental capacity where such estoppel would require violation of the law. See Edwards v. Guthner, 106 Colo. 209, 130 P.2d 6. The lower court therefore properly denied plaintiff's claim in this regard.

III
The county in the instant case has sought restitution from the sheriff for all sums paid to him as a housing allowance in past years on the grounds that these payments were illegal and unauthorized. We have now determined that the practice of paying housing allowances to sheriffs is indeed illegal and unauthorized and have held that the county cannot be estopped from terminating such payments. However, it has been shown and we recognize that for many years a number of counties, in good faith reliance upon custom, tradition, and perhaps a misinterpretation of the law, have made such payments, and that if we were to give this ruling the customary retroactive effect and say, in essence, "this has always been the law," the result might very well be a multiplicity of suits seeking recovery against past and present sheriffs who may have received housing allowances. Because of the widespread reliance placed upon the custom of providing housing allowances to county sheriffs, we believe that justice, equity and the public good are best served by precluding recovery for sums paid prior to this decision. We therefore determine that the rule announced shall be effective, as to the parties in the instant case, as of the date of the election made by the county commissioners to terminate sheriff Van Cleave's housing allowance. As to all other persons, the ruling shall be prospective only and shall be effective only to causes of action which shall arise after the effective date of this opinion, which shall be the date it becomes final either after review by the Supreme Court of the State of Colorado or, in the absence of such a review, pursuant to the Colorado Appellate Rules.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.