Laurel D. McClellan Kingman County Attorney 349 North Main P.O. Box 113 Kingman, Kansas 67068
Dear Mr. McClellan:
As Kingman county attorney, you request our opinion on decision making authority over the personnel and supplies and equipment in county officials' offices. More specifically, you ask:
 "1. Are the county commissioners required to allow funds to elected officials for the purchase or lease of supplies, materials, equipment or other things as may be necessary to expedite the business of the elected officials?
 "2. Who determines when it is necessary to hire personnel or purchase or lease supplies, materials, equipment or other things necessary to properly expedite the business of the elected officials?
 "3. Who determines what are reasonable sums for the hiring of personnel or the purchase or lease of supplies, materials, equipment or other things necessary to properly expedite the business of the elected officials and what guidelines are to be used in determining what are reasonable sums to be allowed?
 "4. Who determines what is the proper expedition of an elected official's business and what are the standards to be used in making such determination?"
The authority and responsibility for the control of county expenditures is clearly vested in the board of county commissioners. K.S.A. 19-212 in part provides:
 "The board of county commissioners of each county shall have the power, at any meeting:
. . . .
 "Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefor, as provided by law.
. . . .
 "Sixth. To represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law."
In addition, K.S.A. 19-229 provides:
 "The boards of county commissioners of the several counties of this state shall have exclusive control of all expenditures accruing, either in the publication of the delinquent tax lists, treasurer's notices, county printing, or any other county expenditures."
The Kansas Supreme Court held that the county was liable for the necessary repairs and supplies for the county jail. Norton v. Simms,85 Kan. 822 (1911). Further, Mt. Carmel Medical Center v. Board ofCounty Commissioners, 1 Kan. App. 2d 374, 380-381, (1977), held that the medical services rendered by the sheriff were proper charges against the county under the facts in this case, because it was the sheriff's duty to provide the indigent prisoner with medical care.
A review of these statutes, along with court cases and several previous opinions of this office, leads us to conclude that little remains outside the scope of the board of county commissioners' power over financial matters of the county. Hackler v. Board of County Commissioners,189 Kan. 697, 698 (1962); Attorney General Opinions No. 87-37; 86-166; 84-53; 82-85; 80-69.
However, as noted in the above cited opinions, the power of the county commissioners is not without limitation. An exception to the general rule exists when the expenditure or obligation is necessary in order for an elected official to carry out his or her statutorily imposed duties or obligations. We stated that while the commission's general authority over county expenditures prevails in the area of optional or discretionary expenditures, circumstances may exist where the general rule must give way to competing statutory provisions which require expenditure of county funds. Attorney General Opinion No. 80-69.
Further, these opinions stated that the nature of the expenditure is crucial to answering the question. Thus, in the case of expenditures which are directly necessary for an elected official to perform the specific duties and obligations imposed by state law, he or she need not obtain prior approval from the board of county commissioners for each expenditure. However, in the case of discretionary expenditures, i.e., those which may benefit the office but which may not be properly characterized as "necessary" for the elected official to meet his or her statutory responsibilities, the power of the county commissioners to examine and settle the accounts of the county and to require prior approval of expenditures properly may be exercised.
To answer your first question, we conclude that the board of county commissioners is not necessarily required to allow funds for the purchase or lease of supplies used in their offices of elected officials, depending on the nature of expenditures. If the expenditure in question falls within the discretionary, but not necessary, category, the board of county commissioners may deny it or require prior approval. On the other hand, the board of county commissioners must allow expenditure of county officials as necessary to meet their statutory responsibilities.
Next, we will examine who has authority to hire staff personnel in county offices. K.S.A. 28-167 states:
 "When in any county having a population of not more than one hundred thousand (100,000) it is necessary, the board of county commissioners shall allow such reasonable sums for assistants, deputies, clerical and stenographic hire as may be necessary to properly expedite the business of the offices of the county attorney, county clerk, county treasurer, register of deeds and sheriff."
K.S.A. 28-824, which applies to counties of 100,000 or less, states:
 "The board of county commissioners of all counties shall allow such reasonable sums for salaries and compensation of assistants, deputies, clerks and stenographers as may be necessary to properly expedite the business of the several offices of the county."
Your questions 2, 3, and 4 are, in short, who decides what is necessary, what is reasonable, and what would properly expedite the business of these offices. As you correctly point out, there are no statutory standards or guidelines as to these inquiries.
We have discussed a policy of "shared discretion" (a grant of limited authority regarding expenditures from the board of county commissioners to the official) in our earlier opinions mentioned above. The county officials have control over the funds allocated to their offices by the county commissioners in order to effectively perform their jobs. They are also given statutory authority to hire assistants, subject to the limitation that any expenditures made in this regard stay within the budget for their offices as approved by the board of county commissioners. Therefore, they can exercise the grant of authority for hiring additional staff within their budget, while the board of county commissioners retains authority over personnel action through the budget.
We have discussed other limitations regarding county officials' power over their personnel in contrast to those of county commissioners in Attorney General Opinion No. 93-64, therefore, we will not reiterate those issues here.
Pursuant to K.S.A. 28-167, the role of the board of county commissioners is to appropriate "reasonable" sums for the administration of the specified county offices. The board of county commissioners may decide what is a "reasonable" sum for additional staff in the county official's office, considering both the needs of the office in order to expedite the business and the budgetary concerns of the county as a whole. Each county official knows what would be necessary to properly expedite the business of his or her office, and whether it is necessary to obtain additional staff. In short, we conclude that the county officials and the county commissioners must work together in shared discretion in order to accomplish effective county government. Absent such shared discretionary authority, we believe that it would be virtually impossible for county officials and county government as a whole to function with any semblance of efficiency.
We are not provided with particular factual information which prompted your opinion request. As we have stated in Attorney General Opinion No. 80-69, it is not the purpose of this office to render opinions where the facts giving rise to the inquiry may be in dispute or where the application of legal principles to a particular factual situation requires a judgmental decision by a public officer or governing body.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas