No. 32,718

THE STATE OF KANSAS, ex rel. D. R. BECKSTROM, County Attorney, *Appellee*, v. W. M. GLENN, *Appellant*.

(61 P. 2d 1354)

Opinion filed November 7, 1936.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey*, all of Wichita, for the appellant. *W. M. Glenn*, of Tribune, *pro se*.

*Martin F. Trued*, of Tribune, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this action has appealed to this court from the adverse rulings and judgment rendered against him in the trial court, in an action brought against him by the state on relation of the county attorney of Greeley county, to recover from him an attorney fee retained by him out of a collection he made from certain bonding companies for the benefit of school district No. 2 in Greeley county.

The trial court overruled the demurrer of the defendant to the petition and also the motion of defendant to dismiss the action, and after the introduction of testimony by stipulation, in which there was no conflict of facts, the court found and held that defendant had no contract with the school district or any one else for the performance of services incidental to the collection of money belonging to the school-bond fund nor for compensation for such services, and, as a matter of law, the defendant had no legal right to appropriate any part of such fund to his own use for any reason.

The services rendered by the defendant were as an attorney at law, named by the attorney general of the state as an assistant to represent the state in an action brought by the state, on relation of the attorney general, against two former county treasurers of Greeley county and three bonding companies to recover damages for the loss suffered by school district No. 2, Greeley county, on account of the two county treasurers separately, at three different times, wrongfully having paid school-bond funds to the school-district treasurer of district No. 2, instead of retaining such funds in the county treasury, and the school-district treasurer deposited such funds in a bank, which later failed, and only fifty-seven percent of the deposit was ever recovered. The taxpayers of the school district, including the defendant, requested the school-district board to sue the bondsmen of the county treasurers to recover the loss occasioned by the wrongful disposal of the funds by the county treasurers, but the school-district board refused to commence such suit; and the attorney general, shortly before the running of the statute of limitations, authorized such a suit to be brought against the bonding companies in the name of the state. With the permission of the attorney general the defendant, Glenn, prosecuted that action to a successful termination and collected the full amount from the bonding companies.

The record shows the attorney general was not to be responsible for any fee, and it should be wholly contingent upon the results of the case. The defendant, Glenn, paid to the county treasurer, for the benefit of the school district, the amount collected, except the amount retained by him as an attorney fee. There is no contention as to the amount of the fee retained, but the court held he was not entitled to retain any fee whatever.

We will pass the question raised as to the right of the state to maintain this action, because the same argument both pro and con will apply to both cases. The only substantial questions involved

are the right of the defendant to recover or retain any fee without a contract with the school-district board and the right to use or appropriate any part of the fund collected for any other purpose than that for which the tax was originally collected.

We are not assisted on these questions by a brief from or argument by the plaintiff. All we know of the position of the plaintiff on these questions is that which we gather from the pleadings and the outline of the theory of the plaintiff as stated in the brief of the defendant.

As to being entitled to reasonable compensation for services rendered another, a specific contract is not always necessary. There is no hint or contention that the members of the school-district board, after refusing to commence an action, did not know of one having been commenced and being conducted to recover damages for the benefit of the school board. Even officers representing a school district cannot stand by and know of work being done for the benefit of the district without the district being liable for reasonable compensation for the services so rendered. The stipulated evidence shows the receipt by the county treasurer for the benefit of the school-bond fund of part of the damages collected, which is in effect an acceptance thereof by the county treasurer and the district school board, and the acceptance of the benefits derived from the services of another generally constitutes an implied contract to compensate for such services.

It is said in 71 C. J. 38:

"Performance and acceptance of services constitute a sufficient consideration to support a promise implied in law to pay for the same."

In 28 R. C. L. 668 it is said:

"It is ordinarily true that where services are rendered by one person for another, which are knowingly and voluntarily accepted, without more, the law presumes that such services were given and received in the expectation of being paid for, and will imply a promise to pay what they are reasonably worth."

The first paragraph of the syllabus in the case of *Rains v. Weiler*, 101 Kan. 294, 166 Pac. 235, is as follows:

"Parties may be as firmly bound by implied contracts as by those expressed in words, oral or written; they may arrive at agreements by acts and conduct which evince a mutual intention to contract and from which the law implies a contract."

It seems to have been claimed by the state that the withholding of a part of the damages collected was in violation of section 5, article 11 of the state constitution, which is as follows:

"No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

This section prior to 1931 was numbered 4.

The money collected by defendant from the bonding companies was for damages for the errors and mistakes of the county treasurers. The bonding companies did not receive any of the lost bond fund nor did the treasurers whom they bonded retain any of it. It was paid out by the treasurers improperly and finally reached a bank which failed, and forty-three percent of the fund can be traced no further. These damages so collected cannot be strictly the result of tracing and recovering the lost bond fund, which is by the constitution more or less sacredly limited to the one particular use for which the tax was levied and collected, viz., the school-bond fund. R. S. 19-538 makes an exception to this rigid rule where there is an excess of such fund.

In the case of *Schnatterly v. Eslinger*, 126 Kan. 9, 266 Pac. 657, it was held that the use of a fund collected for the building of a courthouse and jail, when used to purchase a courthouse site, was not a diversion prohibited by the constitution. And in commenting on the authorities holding otherwise, it was said in the opinion that—

". . . in nearly all of them the diversion of the funds was to another specific fund, or purpose under a specific fund, and embraced no serious contention that the purpose was included within the fund itself." (p. 10.)

In the case of *State, ex rel., v. State Highway Comm.*, 130 Kan. 456, 286 Pac. 244, it was held:

". . . that reimbursement or payment for a road already constructed or partly constructed in a benefit district in the same county group or district group is to every effect and purpose of the acts virtually and substantially the same as the payment for the construction thereof, when the state highway commission has adopted and accepted such road as a part of the state highway system, and chapter 225 of the Laws of 1929 is not in violation of section 4, article 11, of the state constitution." (Syl. ¶ 3.) (See, also, *State, ex rel., v. Raub*, 106 Kan. 196, 186 Pac. 989.)

We conclude that the retaining of an attorney fee out of such collected damages was not in violation of section 5, article 11, of the state constitution.

The judgment is reversed with direction to set aside the judgment rendered for plaintiff and render judgment for defendant for costs.

HARVEY, J., dissenting.

SMITH, J., not sitting.