No. 42,739

EUGENE T. HACKLER, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellee.*

(369 P. 2d 782)

Opinion filed May 5, 1962.

*Eugene T. Hackler*, of Olathe, argued the cause, and *Wilson E. Speer*, of Olathe, was with him on the briefs for the appellant.

*Hugh H. Kreamer*, county attorney of Johnson county, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This appeal arises out of a claim filed with the county commissioners of Johnson county by the appellant to recover an attorney's fee for successfully representing the county election commissioner prior to the 1960 election.

The county attorney filed a declaratory judgment action, and then an injunction suit against the election commissioner to prevent him from listing the addresses of county candidates on the ballot. After the filing of the first action, the commissioner talked with the county commissioners concerning counsel to defend himself and it appeared that they did not agree to furnish any defense but thought he should follow the advice of the county attorney. Thereafter election commissioner Rainey employed the appellant who successfully terminated the injunction suit and the declaratory judgment action was dismissed.

Within due time appellant filed his claim with the board of county commissioners asking that they allow him a fee in the sum of $700. The board denied the claim, and appellant appealed to the district court. The court also denied appellant relief and he has appealed to this court.

Appellant argues strongly that the county commissioners should be obliged to furnish counsel for a county officer. But appellant does not cite any case from this jurisdiction which would uphold the claimed duty.

The general powers of the county commissioners are now found in G. S. 1961 Supp., 19-212. A reading of the statute leaves little outside of the commissioners' power as to financial affairs, and then we turn to G. S. 1949, 19-229, which reads as follows:

"The boards of county commissioners of the several counties of this state shall have exclusive control of all expenditures accruing, either in the publication of delinquent tax lists, treasurer's notices, county printing, or any other county expenditures."

As early as *County of Neosho v. Stoddart*, 13 Kan. * 207, this court held that no other officer could create county indebtedness without the approval of the county commissioners.

The simple answer would seem to be that appellant has never obtained the approval of the commissioners for his claim.

Appellant argues that he may have a right under implied contract. But even then it would appear that the board of county commis-

sioners must at least have accepted the benefits from the implied contract. Such in fact seems to have been true in *State, ex rel., v. Glenn,* 144 Kan. 461, 61 P. 2d 1354. In the case at bar, the benefit to the county or to the commissioners is certainly not clear. There is no doubt that the commissioners might have approved appellant's claim if they had agreed to do so. Lacking approval, we see no way appellant can recover from the county.

The judgment of the district court must be affirmed.