Fred W. Johnson Labette County Counselor 425 Commercial Oswego, Kansas 67356
Dear Mr. Johnson:
As Labette county counselor, you request our opinion on county commissioners' power and authority to examine county employee records. The question posed is:
"Does the powers and duties granted a board of county commissioners under K.S.A. 19-212 Second and K.S.A. 19-208 authorize an individual commissioner to examine employee records maintained by the county clerk, including payroll deductions, reductions and or court ordered garnishments without specific reason other than to exercise such powers and duties?"
Although the general rule is that the records maintained by public bodies, such as a county, are open to the public for inspection (K.S.A.45-216), personnel records (with the exception of name, position, salary and length of service) are one of the recognized exceptions to the rule. A public agency is not required to provide records it creates or maintains regarding its personnel except names, positions, salaries and lengths of service. K.S.A. 45-221(a)(4). For purposes of this analysis, we assume the county has exercised its discretion to close the records in question. Therefore, the question is whether an individual county commissioner has statutory authority to gain access to otherwise discretionarily closed personnel records.
K.S.A. 19-208 provides:
 "It shall be the duty of said board of county commissioners to allow monthly, at the meetings of the board of county commissioners, as fixed in K.S.A. 19-206, any and all claims against the county, as is provided by law, including claims for salaries of all county officers." (Emphasis added.)
K.S.A. 19-212 in part provides:
 "The board of county commissioners of each county shall have the power, at any meeting:
. . . .
 Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefor, as provided by law." (Emphasis added.)
It is clear that the authority and responsibility for the control of county expenditures is vested in the board of county commissioners.Hackler v. Board of County Commissioners, 189 Kan. 697, 698 (1962); Attorney General Opinion No. 94-115; 87-37; 86-166; 84-53; 82-85; 80-69.
Furthermore, K.S.A. 19-103 states:
 "The powers of a county as a body politic and corporate shall be exercised by a board of county commissioners." (Emphasis added.)
However, this authority and responsibility is given to the board of county commissioners, not individual commissioners. In discussing the power of county commissioners to employ counsel to defend them against a mandamus action filed by H. G. Turner, the supreme court stated:
 "Turner did not sue the county commissioners to compel them to do something merely as individuals, nor even to do something merely as individual commissioners. He sued them to compel them to do something which they could do only as a `board of county commissioners.' (Laws of 1870, p. 189, sec. 1.) The law is explicit. It does not provide that the persons holding the offices of county commissioners shall call the election, nor merely that the county commissioners shall call the election; but it provides that `The board of county commissioners' shall call the election. Turner of course in effect sued the county commissioners as a board, whether the action was in form against them as individuals or not, for he sued them to compel them to do something which they could do only as a board and as the county board." Thacher Stephens v. Comm'rs of Jefferson Co., 13 Kan. 182, 189-90 (1874).
It seems that the statutes give authority and the duty to run county business to the county commissioners as a board, but not as individuals. This conclusion is in accordance with our prior opinions. We have stated that an individual member of the recreation commission may not unilaterally exercise the powers of the recreation commission. Attorney General Opinion No. 94-48. In Attorney General Opinion No. 87-109, after examining the statutes authorizing the hospital board to be in charge of supervision, care and custody of all hospital property as well as selection and management of the staff members, we stated that the hospital board has the ultimate responsibility for running the hospital. Therefore, we concluded that the hospital board has a right of access to personnel files in order to carry out its statutory duties of management and control of the hospital.
In conclusion, an individual county commissioner is not given statutory authority to unilaterally exercise the powers of the commission and examine personnel records which otherwise are not open for public inspection. However, the board of county commissioners may inspect county personnel records if appropriate actions are taken as a board at an open meeting.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas