Sandra L. Jacquot Shawnee County Counselor Shawnee County Courthouse 200 Southeast Seventh Street, Suite 100 Topeka, Kansas 66603-3932
Dear Ms. Jacquot:
You request our opinion regarding the extent of control a board of county commissioners may exercise over the expenditures of an elected county official and whether the commissioners may deny certain expenditures by those elected officials. You also ask whether elected county officials are required to comply with purchasing policies established by the board of county commissioners.
The powers of a board of county commissioners are set out in K.S.A. 19-212, which provides in pertinent part:
 "The board of county commissioners of each county shall have the power, at any meeting:
. . . .
 "Second. To examine and settle all accounts of the receipts and expenses of the county, and to examine and settle and allow all accounts chargeable against the county; and when so settled, they may issue county orders therefor, as provided by law.
. . . .
 "Sixth. To represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law."
Additionally, K.S.A. 19-229 vests each board of county commissioners with the exclusive control over its county's expenditures. It is clear from the preceding statutes that the financial operation of a county is vested in the board of county commissioners, and additionally, the fiscal responsibility for county affairs is placed on the board.[1]
The county budget process is outlined in K.S.A. 79-2925 et seq. K.S.A. 79-2927 requires each board of county commissioners to prepare "a budget itemized and classified by funds. . . ." Before filing the adopted budget, the board must hold a public meeting to answer and hear objections of taxpayers and to consider amendments to the proposed budget.[2] K.S.A. 79-2934 explains the effect of an adopted budget as follows:
 "The budget as approved and filed with the county clerk for each year shall constitute and shall hereafter be declared to be an appropriation for each fund, and the appropriation thus made shall not be used for any other purpose. No money in any fund shall be used to pay for any indebtedness created in excess of the total amount of the adopted budget of expenditures for such fund. . . ."
Any county officer who violates any provision of the budget laws is subject to removal from office.[3]
This office has on numerous occasions addressed the issue of a board of county commissioner's control over the expenditures of elected officials.[4] Those opinions set forth the general rule that a board of county commissioners has authority over county expenditures. However, an exception to the general rule exists if the expenditure is necessary for a county official to carry out his or her statutory duties. A board of county commissioners must allow expenditures necessary to meet the statutory responsibilities of the county's elected officials.
Attorney General Opinion No. 87-14 concluded that general budgetary authority allows a board of county commissioners to require that monies allotted to a specific line item within the general budget be spent on that line item. You acknowledge that Attorney General Opinion No. 87-14 is instructive on the extent of oversight allowable to a board of county commissioners for line item budget expenditures. However, you indicate that rather than a line item budget, Shawnee County utilizes a major service area (MSA) budget, with each MSA having a bottom line amount. You explain that within each MSA there are line items that are merely management tools and can be overspent or underspent as long as the bottom line MSA amount is not exceeded. Because Shawnee County does not require that an elected official adhere to any specific line items within each MSA, we believe that Opinion No. 87-14 would apply to the bottom line MSA amounts. Accordingly, the Board of County Commissioners may require that monies allotted to an MSA within the general budget be spent for services or goods that fall within that particular MSA. Once the Board of County Commissioners has designated county funds to a particular MSA within an official's budget, the official has the authority to spend those funds for that MSA, subject to county purchasing procedures as discussed below.
Because an elected official is not allotted a specific budgeted amount for a particular expenditure within Shawnee County's budget, you ask whether the Board of County Commissioners can examine certain expenditures by elected officials to determine if the expenditure is necessary for the official to perform his or her statutory duties. You cite the example of an elected official hiring outside counsel or a consultant when those expenditures are not specifically contemplated in the budget. Because each official may spend within an MSA as long as the bottom line amount is not exceeded, it is our opinion that the Board of County Commissioners may not, for current budget year purposes, override an expenditure within an MSA as long as the expenditure does not exceed the bottom line amount for that MSA. Attorney General Opinion No. 89-131 discussed the Board of County Commissioner's control over expenditures of the Shawnee County Treasurer and concluded that in order to justify expenditures beyond those approved in the budget, an elected official must demonstrate that the expenditure is necessary to fulfill duties required by law. A county official must refrain from actions that incur indebtedness in excess of the established budget unless the additional expenditure is required by law or approved by the board of county commissioners. Therefore, if an elected official discretionarily
concludes that the hiring of a consultant or outside counsel is necessary, the official must work within the established budgetary restraints or obtain approval of the county commission.
Finally, you ask whether elected officials in Shawnee County must follow purchasing policies established by the Shawnee County Board of County Commissioners. You enclose Shawnee County Home Rule Resolution No. HR-97-10 that requires the Board of County Commissioner's approval and solicitation of bids by the County's purchasing division for all purchases of $3,000 or more. Attorney General Opinion No. 87-37 specifically addressed the question of whether a sheriff must follow the county's policy of obtaining the board of county commissioner's approval before any expenditure is made in an amount over $200. Applying principles stated in prior opinions, the opinion concluded:
 "As a general rule, if the expenditure is optional or discretionary, the commissioner's [sic] general authority over county expenditures will prevail, and the commission can reserve the right to grant prior approval for items purchased with the sheriff's budget. Alternatively, if the expenditure is necessary for the sheriff to carry out his or her statutorily imposed duties, the general rule must give way to competing statutory provisions which require expenditure of county funds, and the commission will be prohibited from requiring prior approval."
Although the opinion is limited to expenditures by a county sheriff, the same principles would apply to other elected officials. We know of no cases that have addressed this issue, and the applicable statutes have not materially changed since the opinion was issued. Therefore, we affirm the conclusions of Attorney General Opinion No. 87-37, and opine that a board of county commissioners may not require an elected official to obtain prior approval by the board for expenditures that are necessary for the elected official to carry out statutory duties. Elected officials in Shawnee County should, however, comply with other provisions of Home Rule Resolution No. HR-97-10 for expenditures that are required to carry out their statutory duties. Additionally, it is our opinion that elected officials should follow all provisions of Home Rule Resolution No. HR-97-10 for discretionary or optional purchases.
In conclusion, a board of county commissioners has authority over county expenditures; however, the board must allow expenditures necessary to meet the statutory responsibilities of elected officials. The Board of County Commissioners of Shawnee County may require that monies allotted to a major service area (MSA) within the general budget be spent for services or goods that fall within that particular MSA. Because Shawnee County does not require that an elected official adhere to any specific line items within each MSA, once the Board of County Commissioners has designated funds to a particular MSA within an elected official's budget, the official may spend those funds for purposes within the MSA. The Board of County Commissioners may not, for current budget year purposes, override an expenditure decision of an elected official if the expenditure is within the bottom line amount for the MSA and the official complies with applicable county purchasing procedures. An elected county official may not incur indebtedness in excess of the established budget unless the additional expenditure is required by law or approved by the board of county commissioners. An elected county official should follow county purchasing procedures; however, a board of county commissioners may not require that an elected official obtain prior approval by the board for expenditures that are necessary for the elected official to carry out statutory duties.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] See Crow v. Board of Shawnee County Commissioners,243 Kan. 287, 290 (1988); State, ex rel. Londerholm v. Schroeder,199 Kan. 403, 410 (1967); Hackler v. Board of County Commissioners,189 Kan. 697, 698 (1962).
[2] K.S.A. 79-2929.
[3] K.S.A. 79-2936.
[4] See Attorney General Opinions No. 80-69, 84-53, 86-166, 87-14, 87-37, 88-171, 89-131, 94-115.